## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| KELLY PINN, individually and on behalf of all others similarly situated, | Case No. 1:24-cv-00066 |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| GREENSTAR POWER LLC AND JOHN DOE LEAD GENERATOR IDENTIFIED AS ZEN ENERGY, | |
| Defendants. | |

### Defendant Greenstar Power LLC's Answer and
### Affirmative Defenses to Plaintiff's Class Action Complaint

Defendant Greenstar Power LLC ("Defendant") submits this answer and affirmative defenses to Plaintiff Kelly Pinn's Class Action Complaint, as follows.

### I.   Introduction[1]

1.    <u>Nature of Action</u>.  "Telemarketing calls are intrusive.  A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records.  Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227).  As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id*. § 2(6) and sought to strike a balance between [i]ndividuals' privacy rights,

---

[1] For the Court's convenience, Defendant has incorporated the "headings" that appear in the Complaint, as well as the formatting from those headings.  But Defendant does not necessarily agree with and does not admit the characterizations of such headings unless specifically admitted herein.  Nor does Defendant waive any right to object to those characterizations.

public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

**<u>Response</u>**:  The allegations in paragraph 1 are not well-pleaded allegations of fact but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the allegations refer to the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227) and *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019), which speak for themselves.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

2.  "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes.  The result of the telemarketing regulations was the national Do-Not-Call registry.  See 47 C.F.R. § 64.1200(c)(2).  Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity.  It means what it says.  If a person wishes to no longer receive telephone solicitations, he can add his number to the list.  The TCPA then restricts the telephone solicitations that can be made to that number. See id.; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result.  Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights.  Violations of the law are clear, as is the remedy.  Put simply, the TCPA affords

relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id.* at 649-50.

**Response**:  The allegations in paragraph 2 are not well-pleaded allegations of fact but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the allegations refer to 47 C.F.R. § 64.1200(c)(2), which speaks for itself.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

3.     Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry, including her own.

**Response**:  Defendant admits that Plaintiff purports to have filed this action individually and as a class representative for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  Defendant denies the remaining allegations in paragraph 3 and denies that Plaintiff is entitled to any relief from Defendant.  Defendant further denies that class certification or treatment is appropriate in this case.

4.     Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendants.

**Response**:  Defendant admits that Plaintiff purports to have filed this action on behalf of a proposed nationwide class.  Defendant denies the remaining allegations in paragraph 4.  Defendant also denies that Plaintiff or any of the purported class members have any basis in law or fact to

maintain the current action against Defendant, denies that any class can be certified in this matter, and denies that Plaintiff is entitled to any damages or any relief whatsoever.

## II.    The Parties

5.    Plaintiff Pinn is an individual who resides in the Northern District of Texas.

**Response**:  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 and therefore denies them.

6.    Defendant Greenstar Power LLC is a Texas solar panel sales and installation company with its headquarters and principal place of business in Round Rock.

**Response**:  Defendant admits that it is a company that installs solar panels with its headquarters and principal place of business in Round Rock, Texas. Except as expressly admitted, Defendant denies the allegations of this paragraph.

7.    Defendant John Doe Lead Generator Identified As Zen Energy is an as-yet unidentified lead generator Greenstar Power LLC hired to make illegal telemarketing calls and generate leads on its behalf.

**Response**:  Defendant denies the allegations of Paragraph 7.

## III.    Jurisdiction and Venue

8.    <u>Jurisdiction</u>.  This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute.  47 U.S.C. § 227; *Mims v. Arrow Fin. Servs*., LLC, 565 U.S. 368, 372 (2012).  The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claim for violation of the Texas Business and Commerce Code relates to the same telemarketing campaign as the TCPA claim.

**Response**:  The jurisdictional allegations of Paragraph 8 are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the Court generally has federal question jurisdiction over Telephone Consumer Protection Act actions.  But Defendant reserves the right to challenge subject matter jurisdiction to the extent Plaintiff lacks standing and to the extent this matter is subject to a valid arbitration agreement.

9.     Personal Jurisdiction.  This Court has personal jurisdiction over Defendants.  The Court has general personal jurisdiction over Defendant Greenstar Power LLC because it is a Texas Corporation.  The Court has specific personal jurisdiction over John Doe Lead Generator Identified As Zen Energy because it contracted with Greenstar, a Texas corporation, to place the illegal telemarketing calls nationwide, including into Texas.

**Response**:  The jurisdictional allegations of Paragraph 9 are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits only that it is incorporated in Texas.  Defendant denies the remaining allegations of paragraph 9.

10.     Venue.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the illegal telemarketing at issue—was orchestrated from this District.

**Response**:  The allegations in paragraph 10 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that it engaged in any allegedly unlawful conduct in this District.

### IV.     Facts

**A.  The Enactment of the TCPA and its Regulations**

11.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

**Response**:  The allegations in paragraph 11 are not well-pleaded allegations of fact but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the allegations refer to the TCPA, which speaks for itself.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

12.     Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

**Response**:  The allegations in paragraph 12 are not well-pleaded allegations of fact but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the allegations refer to 47 U.S.C. § 227(c)(1), which speaks for itself.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

13.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  See 47 C.F.R. § 64.1200(c)(2).

**Response**:  The allegations in paragraph 13 are not well-pleaded allegations of fact but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the allegations refer to 47 C.F.R. § 64.1200(c)(2), which speaks for itself.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

14.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

**Response**:  The allegations in paragraph 14 are not well-pleaded allegations of fact but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the allegations refer to 47 C.F.R. § 64.1200(c)(2), which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this paragraph.

15.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Response**:  The allegations in paragraph 15 are not well-pleaded allegations of fact but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the allegations refer to 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2), which speak for themselves.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

**B.      The Texas Business and Commerce Code**

16.     Realizing the particular harm to Texas residents that unsolicited telemarketing calls to them poses, the Texas Legislature passed Section 302.101 of the Texas Business and Commerce Code, which requires all "sellers" or "salespersons" making "telephone solicitations" inducing a person to "purchase, rent, claim, or receive an item," which includes "a service" to register as such with the Texas Secretary of State.  TEX. BUS. & COM. CODE §§ 302.001; 302.101.

**Response**:  The allegations in paragraph 16 are not well-pleaded allegations of fact but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the allegations refer to TEX. BUS. & COM. CODE §§ 302.001 and 302.101,

which speaks for themselves.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

17.     The burden of proof lies on a defendant to show it registered each business location to prove its licensure or on proving an exemption.  *Id*. § 302.051.

**Response**:  The allegations in paragraph 17 are not well-pleaded allegations of fact but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the allegations refer to TEX. BUS. & COM. CODE § 302.051, which speaks for itself.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

18.     Solar panels and their associated installation services are "items" for which there is no exemption to the Code.  *Id*. § 302.051.

**Response**:  The allegations in paragraph 18 are not well-pleaded allegations of fact but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the allegations refer to TEX. BUS. & COM. CODE § 302.051, which speaks for itself.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

19.     None of the Defendants are registered with the Texas Secretary of State as required by the Business and Commerce Code.  Telephone Solicitors Search, TEXAS SECRETARY OF STATE, https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp (querying Defendant Green Star or Greenstar as either a DBA or seller name returns no results).

**Response**:  The allegations in paragraph 19 are not well-pleaded allegations of fact but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Greenstar is not registered as a "seller" at the URL provided, but denies it is required to register pursuant to the Business and Commerce Code.  Defendant lacks knowledge

or information sufficient to form a belief about the truth of the remaining allegations in paragraph 19 and therefore denies them.

**C.**     **Unsolicited Telemarketing to Plaintiff**

20.     Plaintiff Pinn is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**Response**:   The allegations in paragraph 20 are not well-pleaded allegations of fact but state legal conclusions to which no response is required.   To the extent a response is required, Defendant admits that the allegations refer to 47 U.S.C. § 153(39), which speaks for itself.   Except as expressly admitted, Defendant denies the allegations in this paragraph.

21.     Plaintiff's residential telephone number is (817)-903-XXXX, is on the National Do Not Call Registry, and has been for more than a year prior to the calls at issue.

**Response**:   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 and therefore denies them.

22.     Ms. Pinn uses the number for personal, residential, and household reasons.

**Response**:   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 and therefore denies them.

23.     Plaintiff Pinn never consented to receive calls from Defendants.

**Response**:   Defendant denies the allegations of paragraph 23.

24.     Plaintiff Pinn never did business with any of the Defendants.

**Response**:   Defendant denies the allegations in paragraph 24.

25.     Despite this, Plaintiff received multiple automated calls and text messages from Defendants as part of a telemarketing campaign, between May 4, 2023 and January 8, 2024.   The calls were all sent from a call center identifying themselves variously as "RealInc Energy," "United

Energy Company," "Solar Energy Solutions," "Brand Solar" or some variation thereof and all used identical or nearly identical scripts or were placed by Defendant Greenstar or its agents directly.

**Response**:  Defendant denies the allegations of paragraph 25.

26.     Upon information and belief, all these fictious entities described above are aliases for the John Doe entity identified as "Zen Energy".

**Response**:  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 and therefore denies them.

27.     The first call from Defendants came on May 4, 2023 at 1:22 PM from the caller ID 215-583-0164.  During that call, the caller stated that they were calling from "RealInc Energy" and were calling to sell the Plaintiff solar panels.

**Response**:  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 and therefore denies them.

28.     Because the Plaintiff wanted to uncover and track the identity of the caller and for no other reason, the Plaintiff provided a unique name of "Trinity Bland" on the call and stated that her address was "1001 Prairie Heights."

**Response**:  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 and therefore denies them.

29.     That same day, the Plaintiff received three calls from the caller IDs 254-272- 8329, 480-879-1319, and 330-316-3791 for individuals all following up on the solar quote from RealInc Energy.  In the final call and text messages, from 330-316-3791, Plaintiff received communication from an individual named "Eddie" who confirmed that he worked for a lead generator called "Zen Energy Company" who Defendant Greenstar hired to make the calls.  "Eddie" also provided Defendant Greenstar's website to Plaintiff.

**Response**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 and therefore denies them.

30.     Thereafter, on May 19, 2023, the Plaintiff received an email from Defendant's attorney, Troy Voelker, in response to Plaintiff's inquiry to Greenstar as to why she was receiving illegal calls and her request that Greenstar refrain from contacting her in the future.

**Response**: Defendant admits Troy Voelker emailed Plaintiff on May 19, 2023.  Except as expressly admitted herein, Defendant denies the allegations of paragraph 30.

31.     Unsurprisingly, the calls continued.  Specifically, the Plaintiff received a call on September 26, 2023 at 4:39 PM from the caller ID 717-685-6966.  The caller was "Jason" who stated that he was calling from "United Energy Company" and was looking to sell the Plaintiff solar panels.  In response, the Plaintiff stated that she was not interested and not to call back.

**Response**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 and therefore denies them.

32.     Plaintiff retained the undersigned counsel in October of 2023, who sent correspondence to Troy Voelker.

**Response**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 and therefore denies them.

33.     The calls continued.  On December 19, 2023 at 1:24 PM, Plaintiff received a call from 623-233-4976 from another individual who claimed to be from "United Energy Company." This individual stated that he was looking for "Trinity" and was calling to sell the Plaintiff solar panels.  This individual also stated that someone would call her the following day, but the Plaintiff did not state that she consented to the same.

**Response**:  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 and therefore denies them.

34.     Despite this, on December 20, 2023 at 11:46 AM, the Plaintiff received a missed call from the caller ID 213-359-1276.

**Response**:  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 and therefore denies them.

35.     On December 20, 2023 at 11:46 AM, the Plaintiff received multiple text messages from "Austin" looking for "Michelle" who stated that his "agent" spoke yesterday with the Plaintiff and wanted to schedule a Zoom meeting with an employee of Defendant Greenstar.

**Response**:  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 and therefore denies them.

36.     On December 20, 2023 at 2:57 PM, the Plaintiff received a call from Scott Roger at Defendant Greenstar from the caller ID 432-559-9466 pertaining to the Zoom meeting.  Scott Roger tried to sell the Plaintiff solar panels, but the Plaintiff indicated that she was not interested, as Plaintiff had identified the caller.  Shortly thereafter, at 3:11 PM, the Plaintiff received a text message from this number with Scott Roger's email address, scott.roger@greenstarpower.com.

**Response**:  Defendant denies the allegations of paragraph 36.

37.     Greenstarpower.com is the website for Defendant Greenstar.  Indeed, counsel for Plaintiff sent an email to this email address and it did not bounce back.

**Response**:  Defendant admits that greenstarpower.com is the website for Greenstar. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 37 and therefore denies them.

38.     Thereafter, on December 20, 2023 at 5:36 PM, 5:37 PM, and 5:48 PM, Plaintiff received calls from agents who claimed they were with "Solar Energy Solutions" and "Brand Solar" who were calling to "follow up" and wanted to know if Plaintiff had spoken with Greenstar. These agents, who were from the John Doe call center identified as Zen Energy, were calling because, on information and belief, Greenstar hired Zen to conduct telemarketing for them on a commission and/or per call/per transfer basis.

**Response**:  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 38 and therefore denies them.

39.     The calls nevertheless continued.  On January 8, 2024, at 2:34 PM and again at 2:36 PM from 801-449-0225.  The caller stated that she was "Ann" from "Brand Solar" who was "Partnered with Greenstar Power."  The caller stated that she was looking for "Michelle" and stated that Plaintiff spoke with a solar expert at Greenstar previously and wanted to know if the Plaintiff was still interested.  The Plaintiff stated that she was not interested and to remove the Plaintiff from their list.

**Response**:  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 and therefore denies them.

40.     None of the aforementioned Defendants are registered as telephone solicitors with the Texas Secretary of State.

**Response**:  Defendant admits that Greenstar is not registered as a telephone solicitor with the Texas Secretary of State but denies that it is required to be registered.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 40 and therefore denies them.

41.     For more than twenty years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations."  In re Rules and Regulations Implementing the Telephone Consumer Protection Act, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

**Response**:  The allegations in paragraph 41 are not well-pleaded allegations of fact but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the allegations refer to *In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995), which speaks for itself.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

42.     In 2008, the FCC likewise held that a company on whose behalf a telephone call is made bears the responsibility for any violations.

**Response**:  The allegations in paragraph 42 are not well-pleaded allegations of fact but state legal conclusions to which no response is required.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

43.     The FCC has instructed that sellers such as Greenstar may not avoid liability by outsourcing telemarketing to third parties, such as Zen:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions.  This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case.  Even where third-party telemarketers are identifiable, solvent, and amenable to judgment, limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief.  As the FTC noted, because "sellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6588 ¶ 37 (2013) (footnotes and alteration marks omitted).

**Response**:  Defendant denies that it is attempting to avoid liability by outsourcing telemarketing activities to third parties and further denies that it outsourced any telemarketing activities to "Zen".  The remaining allegations in paragraph 43 are not well-pleaded allegations of fact but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the allegations refer to *In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6588 ¶ 37 (2013), which speaks for itself.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

44.     In 2013, the FCC held that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers."  *Id.* at 6574 ¶ 1.

**Response**:  The allegations in paragraph 44 are not well-pleaded allegations of fact but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the allegations refer to *In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013), which speaks for itself.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

45.     Greenstar is liable for telemarketing calls placed by Zen and transferred to Greenstar to generate customers for Greenstar, including the Plaintiff.

**Response**:  Defendant denies the allegations of paragraph 45.

46.     Greenstar was interested in hiring a lead generator that could make phone calls to potential customers, vet potential clients, and only sell them the interested ones.

**Response**:  Defendant denies the allegations of paragraph 46.

47.     To do so, it hired Zen to orchestrate an *en masse* telemarketing campaign.

**Response**:  Defendant denies the allegations of paragraph 47.

48.     Greenstar controlled the day-to-day activities of Zen by providing the specific criteria for the leads it would accept and required its vendors, including Zen, to adhere to those criteria.

**Response**:  Defendant denies the allegations of paragraph 48.

49.     For example, the calls Plaintiff receive demonstrate that Greenstar required Zen to contact the customer to confirm the transfer after Greenstar had contacted the customer as a requirement that Zen receive its commission, despite Greenstar knowing that it was to have no contact with Plaintiff, who had already indicated to counsel for Greenstar that she was being represented by counsel with respect to the exact illegal conduct described herein.

**Response**:  Defendant denies the allegations of paragraph 49.

50.     Greenstar would not compensate Zen for a call it made unless the leads it purchased met the criteria and the customer confirmed to Zen that Greenstar had contacted them to eliminate needing to pay for so-called "tire kickers."

**Response**:  Defendant denies the allegations of paragraph 50.

51.     As such, Greenstar controlled the content of Zen's telemarketing.

**Response**:  Defendant denies the allegations of paragraph 51.

52.     It also could and should have communicated Plaintiff's multiple requests not to be called to Zen.

**Response**:  Defendant denies the allegations of paragraph 52.

53.     Finally, Greenstar could have terminated Zen.

**<u>Response</u>**:  Defendant denies the allegations of paragraph 53.

54.     It did not.

**<u>Response</u>**:  Defendant denies the allegations of paragraph 54.

55.     By virtue of identifying the leads that they would accept, Greenstar directed the content of the communications that Zen would use in their calling.

**<u>Response</u>**:  Defendant denies the allegations of paragraph 55.

56.     A reasonable seller whose telemarketers are making calls would investigate into the reasons why they would be calling numbers on the National Do Not Call Registry and, moreover, individuals who already stated that they believed that Greenstar and Zen were breaking the law and were represented by counsel.

**<u>Response</u>**:  Defendant denies the allegations of paragraph 56.

57.     Indeed, Greenstar could have investigated if the transfers it received were on the National Do Not Call Registry.

**<u>Response</u>**:  Defendant denies the allegations of paragraph 57, including that it had a duty or obligation to investigate the National Do Not Call Registry.

58.     It did not.

**<u>Response</u>**:  Defendant denies the allegations of paragraph 58, including that it had a duty or obligation to investigate the National Do Not Call Registry.

59.     Greenstar hired Zen without a proper investigation and did not terminate them when they were informed of Zen's illegal calling conduct.

**<u>Response</u>**:  Defendant denies that it "hired Zen" at all and denies the remaining allegations of paragraph 59.

60.     As such, they knowingly ratified Zen's conduct.

**Response**:  Defendant denies the allegations of paragraph 60.

61.    Greenstar also ratified Zen's conduct because, with knowledge of Plaintiff's complaints against Greenstar, they accepted the Plaintiff's lead.

**Response**:  Defendant denies the allegations of paragraph 61.

62.    Greenstar accepted the Plaintiff's lead and then utilized it for a benefit by continuing to promote its services to her.

**Response**:  Defendant denies the allegations of paragraph 62.

63.    The 2013 FCC ruling holds that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *In re DISH Network*, 28 FCC Rcd. 6592-93 ¶ 46.  Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent."  *Id*. at 6593 ¶ 46.

**Response**:  The allegations in paragraph 63 are not well-pleaded allegations of fact but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the allegations refer to *In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6592-93 ¶ 46, which speaks for itself.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

64.    Plaintiff's privacy has been violated by the above-described telemarketing calls.

**Response**:  Defendant denies the allegations of paragraph 64.

65.    Plaintiff never provided her consent or requested these calls.

**Response**:  Defendant denies the allegations of paragraph 65.

66.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendants because their privacy has been violated and they were annoyed and harassed.  In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication, including while driving, working, while in the hospital, and performing other critical tasks.

**Response**:  Defendant denies the allegations in paragraph 66.  Defendant also denies that Plaintiff or any of the purported class members have any basis in law or fact to maintain the current action against Defendant, denies that any class can be certified in this matter, and denies that Plaintiff is entitled to any damages or any relief whatsoever.

### V.     Class Action Allegations

67.     Class Definition.  Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Classes (the "Classes") defined as follows:

> **National Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Zen or Greenstar, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

> **Texas Business and Commerce Code Class:** All persons in the State of Texas who (1) received a telephone solicitation call from or on behalf of Zen or Greenstar, (2) at any time during which Zen or Greenstar were not registered as telephone solicitors with the Texas Secretary of State, (3) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Response**:  Defendant admits that Plaintiff purports to have filed this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on behalf of herself and all others she claims are similarly situated as an alleged member of the classes.  Defendant denies the remaining allegations in paragraph 67.  Defendant also denies that Plaintiff or any of the purported class members have any

basis in law or fact to maintain the current action against Defendant, denies that any class can be certified in this matter, and denies that Plaintiff is entitled to any damages or any relief whatsoever

68.     Excluded from the Classes are counsel, Defendants, any entities in which Defendants have a controlling interest, Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**Response**:  Defendant admits that Plaintiff purports to have filed this action on behalf of herself and all others she claims are similarly situated as an alleged member of the classes. Defendant denies the remaining allegations in paragraph 68.  Defendant also denies that Plaintiff or any of the purported class members have any basis in law or fact to maintain the current action against Defendant, denies that any class can be certified in this matter, and denies that Plaintiff is entitled to any damages or any relief whatsoever.

69.     The Classes, as defined above, are identifiable through telephone records and telephone number databases.

**Response**:  Defendant denies the allegations of paragraph 69.

70.     The potential members of the Classes likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

**Response**:  Defendant denies the allegations of paragraph 70.

71.     Individual joinder of these persons is impracticable.

**Response**:  Defendant denies the allegations of paragraph 71.

72.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**Response**:  Defendant denies the allegations of paragraph 72.

73.     Plaintiff is a member of the Classes and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the class members.

**Response**:  Defendant denies the allegations of paragraph 73.

74.     Plaintiff and all members of the Classes have been harmed by the acts of Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

**Response**:  Defendant denies the allegations of paragraph 74.

75.     This class action complaint seeks injunctive relief and money damages.

**Response**:  Defendant admits that Plaintiff purports to seek injunctive relief and money damages.  Defendant denies the remaining allegations in paragraph 75.  Defendant also denies that Plaintiff or any of the purported class members have any basis in law or fact to maintain the current action against Defendant, denies that any class can be certified in this matter, and denies that Plaintiff is entitled to any damages or any relief whatsoever.

76.     There are numerous questions of law and fact common to Plaintiffs and members of the Classes.  These common questions of law and fact include, but are not limited to, the following:

a.   Whether Greenstar is vicariously liable for the actions of Zen, and the corresponding liability as between them;

b.   the true identity of Zen;

c.   whether Defendants systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

d.  whether Defendants made calls to Plaintiff and members of the National Do Not Call
Registry Class without first obtaining prior express written consent to make the calls;

e.  whether Defendants made telephone solicitations to members of the Texas Business
and Commerce Code class without the required registration; and

f.  whether members of the Classes are entitled to treble damages based on the willfulness
of Defendants' conduct.

**<u>Response</u>**:  Defendant denies the allegations of paragraph 76, including all subparts.

77.     Plaintiff's claims are typical of the claims of the Classes, as they arise out of the
same common course of conduct by Defendant and are based on the same legal and remedial
theories.

**<u>Response</u>**:  Defendant denies the allegations of paragraph 77.

78.     Plaintiff is an adequate representative of the Classes because her interests do not
conflict with the interests of the Classes, she will fairly and adequately protect the interests of the
Classes, and she is represented by counsel skilled and experienced in class actions, including
TCPA class actions.

**<u>Response</u>**:  Defendant denies the allegations of paragraph 78.

79.     Common questions of law and fact predominate over questions affecting only
individual class members, and a class action is the superior method for fair and efficient
adjudication of the controversy.  The only individual question concerns identification of class
members, which will be ascertainable from records maintained by Defendants and/or their agents.

**<u>Response</u>**:  Defendant denies the allegations of paragraph 79.

80.     A class action is the superior method for the fair and efficient adjudication of this
controversy.  Class-wide relief is essential to compel Defendants to comply with the TCPA.  The

interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendants are small because the damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly more difficulties than are presented in many class claims.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

**Response**:  Defendant denies the allegations of paragraph 80.

81.     Defendants have acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a class-wide basis.  Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**Response**:  Defendant denies the allegations of paragraph 81.

**First Cause of Action**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

82.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

**Response**:  Defendant incorporates by reference the foregoing paragraphs and responses as if set forth fully herein.

83.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiffs and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

**Response**:  Defendant denies the allegations of paragraph 83.

84.     Defendants' violations were negligent, willful, or knowing.

**Response**:  Defendant denies the allegations of paragraph 84.

85.     As a result of Defendants', and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

**Response**:  Defendant denies the allegations of paragraph 85.

86.     Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**Response**:  Defendant denies the allegations of paragraph 86.

**<u>Second Cause of Action</u>**
**Texas Business and Commerce Code**
**Violations of Texas Business and Commerce Code § 302.101**
**(On Behalf of Plaintiff and the Texas Business and Commerce Code Class)**

87.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

**Response**:  Defendant incorporates by reference the foregoing paragraphs and responses as if set forth fully herein.

88.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the Texas Business and Commerce Code, § 302.101, by making telephone solicitation calls, to Plaintiff and members of the Texas Business and Commerce Code Class despite not holding a registration certificate for the business location from which the telephone solicitation is made.

**Response**:  Defendant denies the allegations of paragraph 88.

89.     Defendants' violations were negligent, willful, or knowing.

**Response**:  Defendant denies the allegations of paragraph 89.

90.     As a result of Defendants', and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the Texas Business and Commerce Code, § 302.101, Plaintiff and members of the Texas Business and Commerce Code Class are presumptively entitled to a civil penalty of $5,000 for each violation under § 302.302, plus all reasonable costs of prosecuting the action.

**Response**:  Defendant denies the allegations of paragraph 90.

### Prayer for Relief

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Certification of the proposed Classes;

B.     Appointment of Plaintiff as representative of the Classes;

C.     Appointment of the undersigned counsel as counsel for the Classes;

D.      An order enjoining Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

E.      An award to Plaintiff and the Classes of damages, as allowed by law; and

F.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Response**:  Defendant denies the allegations in Plaintiffs' Prayer for Relief, including subparts A through F, and specifically denies that Plaintiff is entitled to class certification, any damages, injunctive relief, or any relief whatsoever.

## VI.     Demand for Jury

Plaintiff demands a jury trial for all issues so triable.

**Response**:  Defendant denies that any of the allegations set forth in the Complaint allege triable issues against Defendant.  To the extent a jury trial is permitted, Defendant requests a trial by the maximum number of jurors allowed by law.

## General Denial

Defendant denies all allegations set forth in the Complaint that are not specifically admitted in this Answer.

## Affirmative Defenses

Defendant asserts the following defenses to the claims and allegations set forth in the Complaint.  By asserting these defenses, Defendant does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

## First Affirmative Defense
## (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Defendant.

### Second Affirmative Defense
### (First Amendment)

The TCPA and the regulations and rules, interpretations, and other rulings promulgated thereunder, as well as Texas Business and Commerce Code § 302.101, *et seq.*, violate the First Amendment of the United States Constitution.  For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny.  *See Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2346 (2020) ("Content-based laws are subject to strict scrutiny.").

### Third Affirmative Defense
### (Due Process)

The application of the TCPA and Texas Business and Commerce Code § 302.101, *et seq* upon which the Complaint is based, including the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution.  For example, certain definitions contained in the TCPA render the statute unconstitutionally vague.  Additionally, the statutory penalties sought by Plaintiff are excessive.

### Fourth Affirmative Defense
### (Non-Residential Phone)

Plaintiff's claims are barred to the extent the phone number contained in the Complaint is not a residential number.

### Fifth Affirmative Defense
### (Acquiescence, Estoppel, Waiver, Fraud, and Unclean Hands)

Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrine of acquiescence, estoppel, waiver, fraud, and unclean hands.  For example, Plaintiff cannot assert claims to the extent they arise from her own misconduct or wrongdoing.  As a further example, Plaintiff cannot assert claims under the TCPA if she acted in bad faith by providing the subject number referenced in the Complaint in order to receive calls from Defendant.

**Sixth Affirmative Defense**
**(Arbitration and Class Action Waiver)**

Plaintiff and the putative class members are barred from asserting claims in this forum to the extent their claims are subject to a binding arbitration agreement and an agreement to arbitrate their disputes on an individual (non-class) basis.

**Seventh Affirmative Defense**
**(Laches)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

**Eighth Affirmative Defense**
**(Consent)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part because the calls at issue were sent with the recipients' prior express permission or consent and that consent was either irrevocable or was not effectively revoked.

**Ninth Affirmative Defense**
**(One Telephone Call)**

All do-not-call claims brought in the Complaint against Defendant are barred to the extent Plaintiff or the putative class members did not receive more than one telephone call within a 12-month period from Defendant.

**Tenth Affirmative Defense**
**(No "Solicitation" Pursuant to Tex. Bus. & Com. Code § 302.001)**

All claims under the Texas Business and Commerce Code § 302.101, *et seq*., are barred to the extent Plaintiff or the putative class received a call that did not constitute a "telephone

solicitations" under Tex. Bus. & Com. Code § 302.001(7), which means a telephone call a seller or salesperson initiates to induce a person to purchase, rent, claim, or receive an item.

**Eleventh Affirmative Defense**
**(Isolated Incident Pursuant to Tex. Bus. & Com. Code § 302.061)**

All claims under the Texas Business and Commerce Code § 302.101, *et seq*., are barred to the extent Plaintiff or the putative class received a call that constituted an isolated transaction and was not done in the court of a pattern of repeated transactions of a similar nature, pursuant to Tex. Bus. & Com. Code Ann. § 302.061.

**Twelfth Affirmative Defense**
**(Tex. Bus. & Com. Code Ann. § 302.059)**

All claims under the Texas Business and Commerce Code § 302.101, *et seq*., are barred because any alleged calls were not intend to complete or obtain provisional acceptance of a sale during the telephone solicitation, did not make a major sales presentation, even if it arranged for one to be made face-to-face at a later meeting between the salesperson and the purchaser, and did not cause an individual to go to the purchaser to collect payment for the purchase or to deliver an item purchased directly following the telephone solicitation, pursuant to Tex. Bus. & Com. Code Ann. § 302.059(1).

**Thirteenth Affirmative Defense**
**(Good Faith; Reasonable Practices)**

Any and all claims brought in the Complaint are barred because Defendant possessed a good-faith belief that it was not committing any wrongdoing and any violations resulted from a bona fide error, despite reasonable practices to prevent violations of the Texas Business and Commerce Code § 302.101, *et. seq.* the TCPA, and related regulations.

**Fourteenth Affirmative Defense**
**(Failure to Mitigate Damages)**

To the extent that the Complaint alleges that Plaintiff and the putative class members suffered any purported injury or damages, they failed to take any and all reasonable or necessary actions to avoid or reduce their damages, and any damages awarded to them must be reduced accordingly.

**Fifteenth Affirmative Defense**
**(No Proximate Cause)**

Defendant did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent any harm occurred, the acts of Plaintiff, the putative class members, or third parties (*e.g.*, vendors, contractors, or unrelated non-parties) proximately caused any damages, injuries, or violations at issue, to the extent they occurred at all.

**Sixteenth Affirmative Defense**
**(Standing)**

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint because any harm allegedly caused by the calls at issue (which Defendant denies) is not fairly traceable to any violation allegedly committed by Defendant, and because Plaintiff may not have suffered any Article III harm under *Spokeo*, *Inc. v. Robins*, 135 S. Ct. 1892 (2015) and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) (particularly with respect to the putative classes she seeks to represent).

**Seventeenth Affirmative Defense**
**(No Agency or Vicarious Liability and Proportional Allocation of Fault)**

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendant cannot be held vicariously liable. For example, to the extent vendors or contractors or unrelated non-parties caused any damages, injury, violations of the law, or wrongdoing, or engaged in the conduct alleged in the Complaint, those entities or

individuals acted outside the scope, or in violation, of the parties' agreements, and Defendant did not approve of that conduct.  As such, Defendant cannot be held vicariously liable.  And even if it could, its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

### Eighteenth Affirmative Defense
### (Substantial Compliance with Laws)

Defendant is not liable to Plaintiff or the putative class members because it acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and other laws.

### Nineteenth Affirmative Defense
### (Compliance with 47 C.F.R. § 64.1200(c)(2)(i))

Any and all claims brought in the Complaint are barred in whole or in part because any violation of the TCPA occurred because of error, and, as part of its routine business practice, Defendant meets the standards set forth in 47 C.F.R. § 64.1200(c)(2)(i).

### Twentieth Affirmative Defense
### (*Bona Fide* Error)

Any and all claims brought in the Complaint are barred in whole or in part because, to the extent there was any violation of any statute or related regulations (which is denied), any such violation was not intentional and resulted from a *bona fide* error.

### Twenty-first Affirmative Defense
### (No Charge)

Plaintiff and the putative class members were not "charged for the call" with respect to the calls at issue, as that term is used in the TCPA.

**Twenty-second Affirmative Defense**
**(Adequate Remedy at Law)**

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law.  For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

**Twenty-third Affirmative Defense**
**(No Knowing or Willful Misconduct)**

Any claim for treble or increased damages is barred because Defendant did not engage in knowing or willful misconduct.

**Twenty-fourth Affirmative Defense**
**(No "Call")**

Defendant did not "make any call" to Plaintiff, as that term is used in the TCPA.

**Twenty-fifth Affirmative Defense**
**(No "Telephone Solicitation")**

Defendant denies that any "[t]elephone solicitation" or "telephone call" was "initiate[d by Defendant] to induce a person to purchase, rent, claim, or receive an item" within the meaning of Texas Business & Commerce Code § 302.001(7).

**Twenty-sixth Affirmative Defense**
**(Failure to Join Party and/or Name the Proper Defendant)**

The claims brought in the Complaint are barred, in whole or in part, by Plaintiff's failure to join necessary or indispensable parties.  Plaintiff's claims are also barred, in whole or in part, to the extent Plaintiff failed to name the proper defendant(s), over which the Court may lack personal jurisdiction.

**Twenty-seventh Affirmative Defense**
**(Hobbs Act)**

The Hobbs Act cannot be validly or constitutionally applied to preclude Defendant from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

**Twenty-eighth Affirmative Defense**
**(Damages Limitation)**

Plaintiff and the putative class members are barred from asserting their claims to the extent that limitations on exclusive remedies and damages are set forth in any applicable terms and conditions that apply to them.

**Twenty-ninth Affirmative Defense**
**(FCC Exceeding Delegated Authority)**

Plaintiff's TCPA claims are barred because they are based on regulations or rulings that exceed the FCC's delegated authority.

**Thirtieth Affirmative Defense**
**(No Immediate Threat of Future Injury)**

Plaintiff's request for injunctive relief is barred with respect to any alleged claims because the alleged violations are not likely to recur.

**Thirty-first Affirmative Defense**
**(Established Business Relationship)**

All claims brought in the Complaint are barred to the extent Plaintiff or any putative class member had an established business relationship with the caller or had previously purchased from the business enterprise for which the person is calling.

**Thirty-second Affirmative Defense**
**(Class Action Deficiencies)**

Plaintiff cannot satisfy the prerequisites set forth in Federal Rule of Civil Procedure 23 to maintain this action as a class action.  Further, Defendant gives notice that in the event the Court

certifies a class, which Defendant denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

**Thirty-third Affirmative Defense**
**(Reservation of Right to Assert Further Defenses)**

Defendant has not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action.  Defendant reserves the right to amend its Answer to assert any such defense.

**Prayer for Relief**

WHEREFORE, Greenstar prays for judgment as follows:

1.      That Plaintiff take nothing from Defendant by reason of this Complaint and that judgment be entered in favor of Greenstar;

2.      For dismissal of the Complaint with prejudice;

3.      That the Court award Greenstar costs and reasonable attorneys' fees; and

4.      For such other relief as the Court deems just and proper.

*[Signature Appears on Following Page]*

Respectfully submitted this 29th day of February 2024.

/s/ Bradley A. Monk
Bradley A. Monk
Texas Bar No. 24077502
HILGERS GRABEN, PLLC
7859 Walnut Hill Lane, Suite 335
Telephone:  (469) 289-2751
BMonk@hilgersgraben.com

Benjamin D. Williams
(application for admission forthcoming)
Texas Bar No. 24072517
WATSTEIN TEREPKA LLP
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Telephone:  (404) 779-5189
bwilliams@wtlaw.com

*Counsel for Defendant Greenstar Power LLC*

**<u>Certificate of Service</u>**

I hereby certify that on the 29th day of February 2024, I caused to be filed a true and correct copy of the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all parties of record.

*/s/ Bradley A. Monk*
Bradley A. Monk