IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Kelly Pinn<br><br>　　　　　　Plaintiff,<br>v.<br><br>Greenstar Power LLC et al.<br><br>　　　　　　Defendants. | Case No. 1:24-cv-00066<br><br>**JURY TRIAL DEMANDED** |

## Report of Rule 26(f) Meeting

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on March 15, 2024 and provide the following information:

1. **Discussion of Claims, Defenses and Relevant Issues**:

Plaintiff Kelly Pinn claims as follows: Plaintiff has brought this class action under the TCPA, alleging she received multiple telemarketing calls advertising the Defendant's services, despite Plaintiff having placed her residential phone number on the National Do Not Call Registry, previously revoking any consent to having received the calls, and never having consented to the calls to begin with. Through the two classes she has pled, Mrs. Pinn seeks to represent other individuals who received similar communications from the Defendant.

In response, the Defendant claims as follows: Greenstar Power, LLC ("Greenstar" or "Defendant") is a locally owned, Austin, Texas-based energy company dedicated to providing quality solar power solutions and electrical services to customers.

Defendant denies that it is liable under the TCPA. First, Plaintiff provided express consent to receive calls at her telephone number—a complete defense under the TCPA. Further, Defendant

denies that it placed or caused to be placed all of the alleged call(s) or that all of the alleged call(s) were telemarketing calls promoting Defendant's services.

Defendant also denies liability under the Tex. Bus. and Com. Code. Specifically, Defendant denies that it was required to register as a telemarketer with Texas's Secretary of State because: (1) Defendant does not place calls constituting "telephone solicitations" as defined under Tex. Bus. & Com. Code § 302.001(7); (2) any alleged call made by or on behalf of Defendant was not intended to complete or obtain provisional acceptance of a sale during the telephone solicitation, did not make a major sales presentation, even if it arranged for one to be made face-to-face at a later meeting between the salesperson and the purchaser, and did not cause an individual to go to the purchaser to collect payment for the purchase or to deliver an item purchased directly following the telephone solicitation, pursuant to Tex. Bus. & Com. Code Ann. § 302.059(1); and (3) even if a call did constitute a telephone solicitation, which is denied, it was merely an isolated incident exempt from registration requirements under Tex. Bus. & Com. Code § 302.061. All three of these factors independently defeat Plaintiff's claim under the Tex. Bus. & Com. Code.

In addition to the deficiencies in Plaintiff's individual claims, Defendant denies that this action is appropriate for class certification, or that Plaintiff would be a proper class representative. Plaintiff could never establish that common questions predominate because numerous individual questions of liability cannot be resolved on a class-wide basis, such as, for example, issues of consent to be contacted, whether any putative class members had an established business replationship with the caller, and whether calls made, if any, were placed to residential, as opposed to business, phone numbers. Moreover, due to the deficiencies in her individual claims, Plaintiff could never serve as a proper class representative.

2. **Informal Disclosures**: The parties will have identified witnesses and identified and produced documents falling within the definition of initial disclosures under Rule 26(a)(1) in advance of the Rule 16 Conference.

3. **Formal Discovery**:

Plaintiff's Position

The Plaintiff will need to seek discovery on the calling conduct at issue, including the number of calls that were sent to the Plaintiff and the class, class members whose numbers are protected by the Texas Business and Commerce Code, Defendant's policies and procedures regarding TCPA compliance, and discovery related to any vendors or third parties which may have placed the calls or which otherwise may be liable for the calling conduct at issue. The Plaintiff strongly opposes any attempts at phased or bifurcated discovery. The Plaintiff will need to take between 3-5 depositions and will most likely notice them in the Western District of Texas. Third Party discovery may be necessary if it is revealed that a third-party vendor placed the calls at issue. The parties jointly propose 6 months for formal discovery.

Without prejudice to its rights to seek discovery on any relevant issues, Defendant will also require discovery on at least the following subjects: (1) issues raised in the pleadings as permitted under the Federal and Local Rules; (2) whether and who actually called Plaintiff; (3) whether Plaintiff consented to receive the alleged calls; and (4) whether Plaintiff has Article III standing.

The Plaintiff opposed any bifurcated discovery. Bifurcation of discovery is often "counterproductive." Manual For Complex Litigation (Fourth) ("MCL 4th") § 21.15 (2015). That is readily apparent here. To begin, the proposed bifurcation almost guarantees that the parties will need to duplicate their work and the Defendant can pursue its chosen defenses presented here through discovery. The inevitable disputes about what qualifies as merits vs. class discovery is

thus a second reason to deny the request for bifurcation. Indeed, faced with a similar motion, another federal court judge denied a bifurcation request in another TCPA case earlier last year:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023).

There is also real risk that the requested bifurcation will prejudice Plaintiff's through the loss of evidence held by third parties, such as any third-party vendors involved in the Defendant's calls. The risk to the putative class members' interests is not merely hypothetical. Multiple decisions have turned on the destruction of telephone records. For example, in *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007), the court denied class certification in a TCPA fax case because "critical information regarding the identity of those who received the facsimile transmissions" was not available. Likewise, in *Pasco v. Protus IP Solutions, Inc.,* 826 F. Supp. 2d 825, 831 (D. Md. 2011), the court was compelled to grant the defendant's motion for summary judgment where Mr. Pasco was unable to obtain the "transmission data on which to support their claims that [the defendant] sent them the unsolicited faxes at issue." As a result, courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues implicating non-parties in TCPA cases. *See e.g. Abramson v. All American Power and Gas PA, LLC,* Civil Action No. 2:20-cv-1173 (W.D. Pa. September 9, 2020); *Cooley v. Freedom Forever LLC et. al.*, Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19,

2019); *Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014). Here, Plaintiff is simply seeking to proceed in the ordinary course with discovery.

If the Defendant believes it can prevail on its claim, it can move for dispositive relief at any time, as it apparently intends to do.

<u>Defendant's Position</u>

Defendant contends that discovery should be phased such that it is limited to Plaintiff's individual claims under the TCPA during the first phase to maximize efficiency and resolve threshold issues related to the applicability of the TCPA, before forcing burdensome class discovery, the cost of which will be borne almost entirely by Defendant and third parties. This is what dozens of courts have done in cases the undersigned has defended and in *every such instance* the case was dismissed before the Court ever needed to rule on a class certification motion, proving the efficiency and fairness of this approach.

Plaintiff's claims can be resolved through tailored discovery and an early dispositive motion, particularly on the issue of whether she consented to the alleged calls, and whether the alleged calls were made by or on behalf of Defendant—both of which are complete defenses under the TCPA. Defendant therefore requests that the Court refrain from permitting burdensome class discovery now and enter a phased discovery order, as follows:

- The first **120 days** of discovery will be limited to expedited discovery on Plaintiff's individual claim, specifically whether she consented to the calls at issue and whether the calls were made by or on behalf of Defendant;

- Defendant will be permitted to file a dispositive motion **45 days** later; and
- The parties will propose additional dates if the Court denies that motion.

Defendant's proposal is the most fair and efficient course for several reasons, and all factors courts consider weigh in favor of such a discovery schedule. *First*, a brief 120-day phase of discovery on Plaintiff's individual claims followed by summary judgment briefing is more efficient and consistent with Rule 1's promise of a "just, speedy, and *inexpensive* determination of every action." Fed. R. Civ. P. 1 (emphasis added); *see also Gates v. Support Servs. Grp., Inc.*, No. 6:22-cv-00045, ECF No. 10 (W.D. Tex. Mar. 30, 2022) (adopting proposed scheduling order for phased discovery, including 120 days for the first phase); *Cunningham v. Big Think Cap., Inc.*, No. 21-cv-02162, 2021 WL 4407749, at *2 (E.D.N.Y. Sept. 27, 2021) (phasing discovery in TCPA case, noting there's good cause to do so where the resolution of a single issue may resolve the case and "render trial on the other issue[s] unnecessary"). Ruling on dispositive motions first means courts "need not waste time dealing with increasingly complicated class certification issues in meritless cases." Rothstein & Willging, *Managing Class Action Litigation: A Pocket Guide for Judges* 6 (2005).

*Second*, phased discovery serves the interests of proportionality because Defendant and other third parties, including third-party consumers who would need to be deposed (and whose privacy is at stake)—but not Plaintiff—will bear the significant and likely unnecessary burden of class discovery. *See Deleon v. Time Warner Cable LLC*, 2009 WL 10674767, at *2 (C.D. Cal. Nov. 2, 2009) (explaining phased discovery serves Rule 1 because, "[w]ith bifurcation, if Plaintiff's claims fail completely, resources that would've been expended on class discovery will be saved. If Plaintiff's claims fail in part, the scope of discovery will be narrowed and resources will be saved.").

*Third*, phased discovery will not prejudice Plaintiff, particularly under an expedited phased discovery schedule like Defendant proposes here. *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, 2014 WL 413534, at *5 (D.N.J. Feb. 4, 2014) (finding that "Plaintiff will not be prejudiced by an additional 4-month delay caused by bifurcating discovery into two phases"). Nor would phased discovery result in unnecessary discovery disputes, because whether Plaintiff individually opted in to receiving the calls at issue doesn't overlap with class discovery. Defendant only needs to take discovery to corroborate the evidence it already has, showing Plaintiff consented to the calls. *See Moore v. Realgy, LLC*, 1:22-cv-02489, ECF Nos. 12 & 19 (N.D. Ill. July 12, 2022) (early resolution reached without discovery disputes after bifurcation); *Moore v. Switch Energy, LLC*, 1:19-cv-07859, ECF 24, ECF No. 27 (same). Moreover, Plaintiff's express consent is directly tied to whether she has Article III standing, which the Court "must confirm . . . at the outset of a case." *Kacocha v. Nestle Purina Petcare Co.*, 2016 WL 4367991, at *6 n.10 (S.D.N.Y. Aug. 12, 2016).

*Fourth*, and by contrast, the harm that not phasing discovery will inflict on Defendant and innocent third parties will be real and immediate. Unlike other actions, "class actions involve the potential for hefty litigation expenses and an extensive use of judicial resources in the resolution of these claims. [ ] It is also generally understood that the costs can be particularly enormous for defendants." *Physicians Healthsource*, 2014 WL 413534, at *4; *see also Collins v. Citibank, N.A.*, 2022 WL 683661, at *3 (N.D. Ill. Mar. 8, 2022) (limiting discovery appropriate to "curtail the expense and intrusiveness of discovery and trial.").

*Fifth*, Defendant's proposal will not prolong the case, and will likely shorten it. That is particularly true given individual discovery will occur on an expedited basis.

*Sixth*, phased discovery serves the interests of judicial economy. It will save the Court from wasting resources reviewing voluminous class certification briefing and expert reports and policing class discovery disputes—time that will be all for nothing in the event Plaintiff's individual claims fail.

For these reasons, courts in similar TCPA class actions regularly bifurcate discovery so that consideration of the merits of the named plaintiff's individual claims can take place prior to class discovery. *See, e.g.*, *Gates*, No. 6:22-cv-00045, ECF No. 10 (adopting proposed scheduling order phasing discovery); *May v. Gladstone et al.*, 2:21-cv-02312, ECF Nos. 17, 19 (C.D. Cal. June 28, 2021); *MacDonald v. R&H Indus., LLC*, No. 2:20-cv-00682, ECF No. 17 (D. Ariz. Jul. 17, 2020); *Leschinsky v. Inter–Continental Hotels Corp.*, 2015 WL 6150888, at *1 (M.D. Fla. Oct. 15, 2015); *Moore v. Charter Commc'ns, Inc.*, No. 3:20-cv-01867, ECF No. 24 (D. Conn. March 24, 2021) ("discovery will be bifurcated into two phases and the first phase is devoted to plaintiff's individual claim"); *Williams v. Tax Defense Network, LLC*, No. 2:20-cv-00312, ECF No. 15 (N.D. Ind. Nov. 5, 2020); *Charvat v. LE Energy, LLC*, No. 2:19-cv-1325, ECF No. 15 (S.D. Ohio June 21, 2019); *Moore v. Mega Energy, LP*, No. 1:19-cv-03703, ECF No. 19 (N.D. Ill. Jul. 18, 2019).[1]

Tellingly, in all but one of the class actions where the undersigned has been counsel where the respective courts have ordered phased discovery, those cases never progressed to a point where class certification briefing or expert discovery was *ever required* and none of them progressed through a decision on class certification. This speaks to the judicial economy and efficiency a phased approach provides, and it strongly counsels in favor of phasing discovery here. *See*, *e.g.*, *Lindenbaum v. Realgy, LLC*, No. 1:19-cv-2862, ECF Nos. 54, 55 (N.D. Ohio June 7, 2022)

---

[1] *See also Mickalovski v. Switch Energy, LLC*, No. 1:19-cv-06681, ECF No. 16 (N.D. Ill. Dec. 3, 2019); *Connor v. Charter Commc'ns, Inc.*, No. 6:19-cv-2008, ECF No. 31 (D.S.C. Dec. 5, 2019); *Starling v. Charter Commc'ns, Inc.*, No. 3:21-CV-01323, ECF No. 31 (D. Conn. Dec. 10, 2021).

(granting summary judgment); *Williams v. Tax Defense Network, LLC*, No. 2:20-cv-00312, ECF No. 27 (N.D. Ind. Feb. 25, 2021) (stipulation to dismiss case); *Charvat*, No. 2:19-cv-1325, ECF No. 51 (S.D. Ohio Mar. 25, 2020) (same); *Moore*, No. 1:19-cv-03703, ECF No. 26 (N.D. Ill. Sept. 19, 2019) (same); *MacDonald*, No. 2:20-cv-00682, ECF No. 23 (D. Ariz. Jan. 26, 2021) (same).

4. **Electronic Discovery**:

The Plaintiff requests and expects that all electronic discovery in this case will be produced in its original format, together with any associated metadata. Each party is to presumptively bear the cost of producing the electronic discovery.

The Defendant proposes entering into a joint stipulation as to production of electronically stored information to the Plaintiff in the immediate future.

5. **Expert Discovery:**

The Plaintiff may retain a class-wide expert with respect to analyzing the class-wide calling data for, among other things, identifying class members on the do not call registry, identifying Texas class members, and evaluating the invalidity of any class-wide consent data. The parties jointly propose 2 months after the close of formal discovery for the close of expert discovery, to be followed by an appropriate motion for class certification.

Under Defendant's proposed bifurcated discovery timeline, Defendant contends that expert discovery will be unnecessary in this matter. However, if this matter does proceed to phase two, Defendant may retain an expert to analyze class-wide calling data, including identification of class members under both of Plaintiff's proposed classes, and the evaluation of calling processes.

6. **Insurance Coverage:**

There is no potentially applicable insurance with respect to the Plaintiff and such coverage is not applicable.

There is no potentially applicable insurance with respect to the Defendant.

7. **Settlement or Resolution:**

The Plaintiff will tender a class-wide settlement demand to the Defendant after the Plaintiff has propounded and received responses to discovery to ascertain the potential number of class members and any applicable class-wide claims and defenses. The Plaintiff is agreeable to resolve this matter on a class-wide basis through ADR.

The Defendant will continue good faith efforts to resolve this matter as efficiently as possible and will explore all possible avenues, including settlement, to find finality while maintaining its rights. Defendant is agreeable to resolving this matter through appropriate alternative dispute resolution.

8. **Trial Date:**

The Parties do not request a date certain.

9. **Trial Length:**

The parties request approximately two weeks to present this case if proceeding as a class action or alternatively 4-7 days if proceeding as an individual action.

10. **Other Matters:**

Defendant will propose a joint confidentiality and/or protective order to Plaintiff and, upon further discussion, will present an agreed-to plan to the Court in the near future.

Defendant also notifies the Court that, to the extent the Court has any hesitation bifurcating discovery, Defendant requests a conference to discuss that issue. Also, if the Court is reluctant to

phase discovery without a motion, Defendant will file such a motion unless the Court tells it not to.

   RESPECTFULLY SUBMITTED AND DATED this April 17, 2024.

         */s/ Andrew Roman Perrong*
         Andrew Roman Perrong, Esq.
         Perrong Law LLC
         2657 Mount Carmel Avenue
         Glenside, Pennsylvania 19038
         Phone: 215-225-5529 (CALL-LAW)
         Facsimile: 888-329-0305
         a@perronglaw.com

         */s/ Anthony Paronich*
         Anthony Paronich
         Email:  anthony@paronichlaw.com
         PARONICH LAW, P.C.
         350 Lincoln Street, Suite 2400
         Hingham, MA 02043
         Telephone:  (617) 485-0018
         Facsimile:  (508) 318-8100


         */s/ Bradley A. Monk*
         Bradley A. Monk
         Hilgers Graben PLLC
         7859 Walnut Hill Lane
         Suite 335
         Dallas, TX 75230
         469-289-2751
         Fax: 402-413-1880
         Email: bmonk@hilgersgraben.com

         Benjamin D. Williams (admission forthcoming)
         Watstein Terepka LLP
         1055 Howell Mill Road NW 8th Floor
         Atlanta, Georgia 30318
         Tel: (404) 782-9821
         Fax: (404) 537-1650
         Email: bwilliams@wtlaw.com