**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| KELLY PINN, individually and on behalf of all others similarly situated, | Case No. 1:24-cv-00066 |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| GREENSTAR POWER LLC AND JOHN DOE LEAD GENERATOR IDENTIFIED AS ZEN ENERGY, | |
| Defendants. | |

## <u>Agreed Scheduling Order</u>

Pursuant to Federal Rule of Civil Procedure 16, the following Agreed Scheduling Order is issued by the Court:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before <u>(see parties' positions below)</u>.

 <u>Plaintiff's Position</u>:

 A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before <u>January 3, 2025</u>.

 <u>Defendant's Position</u>:

 A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before <u>June 9, 2025</u>.

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before <u>December 20, 2024</u>, and each opposing party shall respond, in writing on or before <u>January 13, 2025</u>. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may

use them in assessing attorneys' fees and costs at the conclusion of the trial.

3.      Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before June 1, 2024.

4.      The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before July 15, 2024.

5.      All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before (see parties' positions below).  Parties resisting claims for relief shall file their designations of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before (see parties' positions below).  All parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, 15 days from the receipt of the report of the opposing expert.

Plaintiff's Position:

All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before November 29, 2024.  Parties resisting claims for relief shall file their designations of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before December 29, 2024.  All parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, 15 days from the receipt of the report of the opposing expert.

<u>Defendant's Position</u>:

Under Defendant's proposed bifurcated discovery timeline below, Defendant contends that expert discovery will be unnecessary in this matter.  However, if this matter does proceed to phase two, Defendant proposes the following position:

All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before <u>January 31, 2025</u>.  Parties resisting claims for relief shall file their designations of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before <u>February 28, 2025</u>.  All parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, 15 days from the receipt of the report of the opposing expert.

6.      An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **11 days** from the receipt of the written report of the expert's proposed testimony, or within **11 days** from the completion of the expert's deposition, if a deposition is taken, whichever is later.

7.      The parties shall complete all discovery on or before <u>(see parties' positions below)</u>.

<u>Plaintiff's Position</u>:

The Plaintiff will need to seek discovery on the calling conduct at issue, including the number of calls that were sent to the Plaintiff and the class, class members whose numbers are protected by the Texas Business and Commerce Code, Defendant's policies and procedures regarding TCPA compliance, and discovery related to any vendors or third parties which may have

placed the calls or which otherwise may be liable for the calling conduct at issue. The Plaintiff strongly opposes any attempts at phased or bifurcated discovery. The Plaintiff will need to take between 3-5 depositions and will most likely notice them in the Western District of Texas. Third Party discovery may be necessary if it is revealed that a third-party vendor placed the calls at issue. The parties jointly propose 6 months for formal discovery.

Without prejudice to its rights to seek discovery on any relevant issues, Defendant will also require discovery on at least the following subjects: (1) issues raised in the pleadings as permitted under the Federal and Local Rules; (2) whether and who actually called Plaintiff; (3) whether Plaintiff consented to receive the alleged calls; and (4) whether Plaintiff has Article III standing.

The Plaintiff opposed any bifurcated discovery. Bifurcation of discovery is often "counterproductive." Manual For Complex Litigation (Fourth) ("MCL 4th") § 21.15 (2015). That is readily apparent here. To begin, the proposed bifurcation almost guarantees that the parties will need to duplicate their work and the Defendant can pursue its chosen defenses presented here through discovery. The inevitable disputes about what qualifies as merits vs. class discovery is thus a second reason to deny the request for bifurcation. Indeed, faced with a similar motion, another federal court judge denied a bifurcation request in another TCPA case earlier last year:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023).

There is also real risk that the requested bifurcation will prejudice Plaintiff's through the loss of evidence held by third parties, such as any third-party vendors involved in the Defendant's

calls. The risk to the putative class members' interests is not merely hypothetical. Multiple decisions have turned on the destruction of telephone records. For example, in *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007), the court denied class certification in a TCPA fax case because "critical information regarding the identity of those who received the facsimile transmissions" was not available. Likewise, in *Pasco v. Protus IP Solutions, Inc.,* 826 F. Supp. 2d 825, 831 (D. Md. 2011), the court was compelled to grant the defendant's motion for summary judgment where Mr. Pasco was unable to obtain the "transmission data on which to support their claims that [the defendant] sent them the unsolicited faxes at issue." As a result, courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues implicating non-parties in TCPA cases. *See e.g. Abramson v. All American Power and Gas PA, LLC,* Civil Action No. 2:20-cv-1173 (W.D. Pa. September 9, 2020); *Cooley v. Freedom Forever LLC et. al*., Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014). Here, Plaintiff is simply seeking to proceed in the ordinary course with discovery.

If the Defendant believes it can prevail on its claim, it can move for dispositive relief at any time, as it apparently intends to do.

Plaintiff proposes the following discovery position:

The parties shall complete all discovery on or before November 29, 2024.

Defendant's Position:

Defendant contends that discovery should be phased (i.e., bifurcated) such that it is limited

to Plaintiff's individual claims under the TCPA during the first phase to maximize efficiency and resolve threshold issues related to the applicability of the TCPA, before forcing burdensome class discovery, the cost of which will be borne almost entirely by Defendant and third parties.

Plaintiff's claims can be resolved through tailored discovery and an early dispositive motion, particularly on the issue of whether she consented to the alleged calls, and whether the alleged calls were made by or on behalf of Defendant—both of which are complete defenses under the TCPA.  Defendant therefore requests that the Court refrain from permitting burdensome class discovery now and enter a phased discovery order, as follows:

- The first **120 days** of discovery will be limited to expedited discovery on Plaintiff's individual claim, specifically whether she consented to the calls at issue and whether the calls were made by or on behalf of Defendant;

- Defendant will be permitted to file a dispositive motion **45 days** later; and

- The parties will propose additional dates if the Court denies that motion.

Defendant's proposal is the most fair and efficient course for several reasons, and all factors courts consider weigh in favor of such a discovery schedule.  *First*, a brief 120-day phase of discovery on Plaintiff's individual claims followed by summary judgment briefing is more efficient and consistent with Rule 1's promise of a "just, speedy, and *inexpensive* determination of every action."  Fed. R. Civ. P. 1 (emphasis added); *see also Gates v. Support Servs. Grp., Inc.*, No. 6:22-cv-00045, ECF No. 10 (W.D. Tex. Mar. 30, 2022) (adopting proposed scheduling order for phased discovery, including 120 days for the first phase); *Cunningham v. Big Think Cap., Inc.*, No. 21-cv-02162, 2021 WL 4407749, at *2 (E.D.N.Y. Sept. 27, 2021) (phasing discovery in TCPA case, noting there's good cause to do so where the resolution of a single issue may resolve the case and "render trial on the other issue[s] unnecessary").  Ruling on dispositive motions first means

courts "need not waste time dealing with increasingly complicated class certification issues in meritless cases." Rothstein & Willging, *Managing Class Action Litigation: A Pocket Guide for Judges* 6 (2005).

*Second*, phased discovery serves the interests of proportionality because Defendant and other third parties, including third-party consumers who would need to be deposed (and whose privacy is at stake)—but not Plaintiff—will bear the significant and likely unnecessary burden of class discovery. *See Deleon v. Time Warner Cable LLC*, 2009 WL 10674767, at *2 (C.D. Cal. Nov. 2, 2009) (explaining phased discovery serves Rule 1 because, "[w]ith bifurcation, if Plaintiff's claims fail completely, resources that would've been expended on class discovery will be saved. If Plaintiff's claims fail in part, the scope of discovery will be narrowed and resources will be saved.").

*Third*, phased discovery will not prejudice Plaintiff, particularly under an expedited phased discovery schedule like Defendant proposes here. *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, 2014 WL 413534, at *5 (D.N.J. Feb. 4, 2014) (finding that "Plaintiff will not be prejudiced by an additional 4-month delay caused by bifurcating discovery into two phases"). Nor would phased discovery result in unnecessary discovery disputes, because whether Plaintiff individually opted in to receiving the calls at issue doesn't overlap with class discovery. Defendant only needs to take discovery to corroborate the evidence it already has, showing Plaintiff consented to the calls. *See Moore v. Realgy, LLC*, 1:22-cv-02489, ECF Nos. 12 & 19 (N.D. Ill. July 12, 2022) (early resolution reached without discovery disputes after bifurcation); *Moore v. Switch Energy, LLC*, 1:19-cv-07859, ECF 24, ECF No. 27 (same). Moreover, Plaintiff's express consent is directly tied to whether she has Article III standing, which the Court "must confirm . . . at the outset of a case." *Kacocha v. Nestle Purina Petcare Co.*, 2016 WL 4367991, at *6 n.10 (S.D.N.Y.

Aug. 12, 2016).

*Fourth*, and by contrast, the harm that not phasing discovery will inflict on Defendant and innocent third parties will be real and immediate.  Unlike other actions, "class actions involve the potential for hefty litigation expenses and an extensive use of judicial resources in the resolution of these claims. [ ] It is also generally understood that the costs can be particularly enormous for defendants." *Physicians Healthsource*, 2014 WL 413534, at *4; *see also Collins v. Citibank, N.A.*, 2022 WL 683661, at *3 (N.D. Ill. Mar. 8, 2022) (limiting discovery appropriate to "curtail the expense and intrusiveness of discovery and trial.").

*Fifth*, Defendant's proposal will not prolong the case, and will likely shorten it.  That is particularly true given individual discovery will occur on an expedited basis.

*Sixth*, phased discovery serves the interests of judicial economy.  It will save the Court from wasting resources reviewing voluminous class certification briefing and expert reports and policing class discovery disputes—time that will be all for nothing in the event Plaintiff's individual claims fail.

For these reasons, courts in similar TCPA class actions regularly bifurcate discovery so that consideration of the merits of the named plaintiff's individual claims can take place prior to class discovery.  *See, e.g.*, *Gates*, No. 6:22-cv-00045, ECF No. 10 (adopting proposed scheduling order phasing discovery); *May v. Gladstone et al.*, 2:21-cv-02312, ECF Nos. 17, 19 (C.D. Cal. June 28, 2021); *MacDonald v. R&H Indus., LLC*, No. 2:20-cv-00682, ECF No. 17 (D. Ariz. Jul. 17, 2020); *Leschinsky v. Inter–Continental Hotels Corp.*, 2015 WL 6150888, at *1 (M.D. Fla. Oct. 15, 2015); *Moore v. Charter Commc'ns, Inc.*, No. 3:20-cv-01867, ECF No. 24 (D. Conn. March 24, 2021) ("discovery will be bifurcated into two phases and the first phase is devoted to plaintiff's individual claim"); *Williams v. Tax Defense Network, LLC*, No. 2:20-cv-00312, ECF No. 15 (N.D.

Ind. Nov. 5, 2020); *Charvat v. LE Energy, LLC*, No. 2:19-cv-1325, ECF No. 15 (S.D. Ohio June

21, 2019); *Moore v. Mega Energy, LP*, No. 1:19-cv-03703, ECF No. 19 (N.D. Ill. Jul. 18, 2019).[1]

 Tellingly, in all but one of the class actions where Defendant's counsel's law firm has been

counsel where the respective courts have ordered phased discovery, those cases never progressed

to a point where class certification briefing or expert discovery was *ever required* and none of

them progressed through a decision on class certification.  This speaks to the judicial economy and

efficiency a phased approach provides, and it strongly counsels in favor of phasing discovery here.

*See*, *e.g.*, *Lindenbaum v. Realgy, LLC*, No. 1:19-cv-2862, ECF Nos. 54, 55 (N.D. Ohio June 7,

2022) (granting summary judgment); *Williams v. Tax Defense Network, LLC*, No. 2:20-cv-00312,

ECF No. 27 (N.D. Ind. Feb. 25, 2021) (stipulation to dismiss case); *Charvat*, No. 2:19-cv-1325,

ECF No. 51 (S.D. Ohio Mar. 25, 2020) (same); *Moore*, No. 1:19-cv-03703, ECF No. 26 (N.D. Ill.

Sept. 19, 2019) (same); *MacDonald*, No. 2:20-cv-00682, ECF No. 23 (D. Ariz. Jan. 26, 2021)

(same).

 Defendant also notifies the Court that, to the extent the Court has any hesitation bifurcating

discovery, Defendant requests a conference to discuss that issue.  Also, if the Court is reluctant to

phase discovery without a motion, Defendant will file such a motion unless the Court tells it not

to.

 Defendant proposes the following bifurcated discovery position:

 The parties shall complete individual discovery on or before <u>July 31, 2024</u>.

 The parties shall complete all discovery on or before <u>April 18, 2025</u>.

8. All dispositive motions shall be filed on or before <u>(see parties' positions below)</u> and shall be

---

[1] *See also Mickalovski v. Switch Energy, LLC*, No. 1:19-cv-06681, ECF No. 16 (N.D. Ill. Dec. 3, 2019); *Connor v. Charter Commc'ns, Inc.*, No. 6:19-cv-2008, ECF No. 31 (D.S.C. Dec. 5, 2019); *Starling v. Charter Commc'ns, Inc.*, No. 3:21-CV-01323, ECF No. 31 (D. Conn. Dec. 10, 2021).

limited to 20 pages. Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to 20 pages. Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

Plaintiff's Position:

All dispositive motions shall be filed on or before January 6, 2025, and shall be limited to 20 pages. Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to 20 pages. Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

Defendant's Position:

All dispositive motions shall be filed on or before April 18, 2025, and shall be limited to 20 pages. Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to 20 pages. Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

9.   The Court will set this case for final pretrial conference at a later time.  The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference. **The parties shall not complete the following paragraph.  It will be completed by the Court at the initial pretrial conference to be scheduled by the Court.**

10.   This is set for jury trial commencing at 9:30 a.m. on _____.  **Jury selection**

**may be conducted by a United States Magistrate Judge the Friday before the case is set for trial. Given that (1) many cases resolve before trial and (2) the Austin Division has only one active district court judge, the Court may set a criminal case and several civil cases for the same trial week. The Court recognizes the inconvenience this may cause counsel and parties if a trial is moved shortly before the trial date, but the Court must balance that inconvenience with its need to effectively deploy limited judicial resources.**

The parties may modify the deadlines in this Order by agreement, with the exception of the dispositive motions deadline and the trial date. Those dates are firm. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order. For cases brought pursuant to the Freedom of Information Act (FOIA), the parties may instead follow the standard disclosure process and will have an initial pretrial conference only by request.

SIGNED on _____, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE