**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| KELLY PINN, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>BRND BLDRS, LLC<br>F/I/A JOHN DOE LEAD GENERATOR IDENTIFIED AS ZEN ENERGY<br><br>AND<br><br>JARED BOLDUC<br>　　　　　　　　Defendants. | Case No.<br>1:24-CV-00066<br><br>**JURY TRIAL DEMANDED** |

## MOTION TO AMEND COMPLAINT

Third-Party discovery in this matter has revealed that Defendant Greenstar Power LLC ("GreenStar") hired another company, Brnd Bldrs, LLC, which was formerly identified as "John Doe Lead Generator Identified as Zen Energy" in the original complaint, and its owner Jared Bolduc, to provide marketing services that resulted in the illegal calls complained of herein. As a result, the Plaintiff seeks leave of court, in accordance with the applicable scheduling deadlines, to amend her class action complaint to add as Defendants Brnd Bldrs, LLC, and its owner Jared Bolduc, because justice requires the amendment. In accordance with Rule 15(a)(2)'s mandate, and in the spirit of FED. R. CIV. P. 1, this Court should "freely" grant leave to amend because it will secure the just, speedy, and inexpensive determination of this class action dispute.

As this Court is well aware, this case is a putative class action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The Plaintiff has taken discovery in this matter, including third party discovery on various telephone providers

responsible for the calls at issue. Those efforts have uncovered a relationship between the current Defendant Greenstar Power LLC, and Brnd Bldrs, LLC, and its owner Jared Bolduc, to sell leads and generate clients for Defendant. As a result, the Plaintiff now moves to amend the Complaint in the form attached herein as Exhibit A to add in these Defendants.

In sum, this motion is made pursuant to FED. R. CIV. P. 15(a)(2) and is in the interest of judicial economy as Plaintiff is simply seeking to add additional defendants which are not only directly liable for the misconduct alleged but were also identified as Does in the original Complaint. What's more, judicial economy would actually be further served here because the Plaintiff and the putative class are better served proceeding in this matter rather than needing to initiate a new action to seek to assert identical claims against Brnd and Bolduc for their conduct in the TCPA violations alleged herein, which arise out of their directly placing calls marketing those of Greenstar and other solar companies. Whether justice requires an amendment is a question left to the trial court's sound discretion and is reviewed on an abuse of discretion standard. Reasons for denying a plaintiff's request for leave to amend a complaint include prejudice to the nonmoving party, undue delay, bad faith or dilatory motive, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of these factors are present here.

*First*, as explained above, there is no additional prejudice to the nonmoving party because the Plaintiff has already settled with GreenStar and GreenStar consents to this amendment. The Defendants sought to be added here were already arguably added in the complaint as Doe Defendants and are also directly liable for the conduct alleged, which minimizes any prejudice. *Second*, the amendment is not done for undue delay, bad faith, or a dilatory motive. We are not on the eve of trial, and the deadline to move to amend pleadings has not yet passed. *Finally*, there is no futility. In sum, when evaluating the futility of an amendment, this Court is guided

by the 12(b)(6) standard and must evaluate if the Plaintiff has stated a claim upon which relief could be granted. Here, amendment would not be futile because the Plaintiff has plainly set forth a claim for which relief could be granted under the TCPA's direct liability and personal liability frameworks.

The Plaintiff has demonstrated that justice requires granting leave to amend not only because the factors for amendment are satisfied here but also because the purpose of the amendment is to add a party who *directly* placed the illegal calls to Plaintiff. Accordingly, this Court should grant leave to amend.

RESPECTFULLY SUBMITTED AND DATED this August 7, 2024.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Proposed Class*

**Certificate of Service**

The foregoing document has been filed electronically, is available for viewing and downloading from the ECF system, and has been served on all parties of record via electronic service through the ECF system.

*/s/ Andrew Perrong*
Andrew Perrong